IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| METHINEE COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:25-cv-1229 (RDA/IDD) |
| | ) |
| MICHAEL CASEY COLLINS, et al., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on Plaintiff Methinee Collins' Motion to Proceed *In Forma Pauperis* ("IFP") and Complaint, Dkts. 1, 3, and U.S. Magistrate Judge Ivan D. Davis's Report and Recommendation (the "Recommendation"), Dkt. 6. In the Recommendation, Judge Davis recommend that this Court deny Plaintiff's Motion to Proceed IFP as it appears that Plaintiff has sufficient funds to pay the filing fee. On August 1, 2025, Plaintiff filed a clarification stating that she misstated her income on the IFP form because she did not understand it. Dkt. 7. Accordingly, this Court will approve and adopt Judge Davis's Recommendation, but will grant Plaintiff leave to file an amended motion to proceed IFP.

By seeking to proceed IFP, however, Plaintiff's Complaint is subject to the screening requirements of 28 U.S.C. § 1915(e). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Under this review, a complaint must be dismissed *sua sponte* if the plaintiff's claims are frivolous, malicious, fail to state a claim, or seek monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint asserts claims against Michael Casey Collins and the Loundon County Circuit Court Judges (the "Judges")[1] for violation of her due process rights under the Fourteenth Amendment. Dkt. 1 at 2-3. Generally, Plaintiff alleges that a custody trial was held without Plaintiff being allowed to get legal counsel, that custody was awarded to Defendant Collins (the father of the children) and Plaintiff was only granted limited visitation, that the rulings were made despite Plaintiff's objections, that the Circuit Court refused to act on her petition for emergency review, and that the appellate court has also failed to rule on the appeal. *Id.* at 4-5. Plaintiff seeks relief in the form of declaratory and injunctive relief, asking the Court, *inter alia*, to declare the custody order issued by Loudon County Circuit Court as unconstitutional and grant Plaintiff physical custody of her children. *Id.* at 5.

Plaintiff clearly fails to state a viable claim for relief because this Court lacks subject-matter jurisdiction to provide the relief sought in Plaintiff's Complaint under the *Rooker-Feldman* Doctrine, and thus, Plaintiff's Complaint will be dismissed. It is well settled that the *Rooker Feldman* Doctrine bars district courts from reviewing final determinations of state courts. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983). "[T]he *Rooker-Feldman*

---

[1] Plaintiff does not state whether she is suing the Judges in their official or personal capacity. Regardless, the Court will assume that Plaintiff alleges claims against them in their official capacity because Plaintiff would not be able to state a claim for relief against them in their personal capacity due to judicial immunity. State and federal judges enjoy judicial immunity, which constitutes "an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Judges performing judicial acts within their jurisdiction are entitled to absolute immunity from civil liability claims," *In re Mills*, 287 F. App'x 273, 279 (4th Cir. 2008) (emphasis added), "even if such acts were allegedly done either maliciously or corruptly," *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992). Plaintiff alleges that the Judges set a trial without consulting her, issued an order granting custody to Defendant (the childrens' father), limited her access to her children, and refused to act on an emergency petition and appeal. Dkt 1 at 4-5. Nowhere does Plaintiff allege that the Judges took any nonjudicial actions or that they acted outside of their jurisdiction. *See id.* In fact, the actions that Plaintiff challenges all qualify as judicial acts. *See King*, 973 F.2d at 357. Accordingly, the Judges enjoy absolute judicial immunity to the extent that Plaintiff asserts any claims against them in their personal capacity.

doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006). The *Rooker-Feldman* Doctrine is jurisdictional and can be raised *sua sponte*. *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003).

This action arises from a state court child custody and visitation hearing. Here, Plaintiff's claims are premised on the child support, visitation, and other orders entered against her in state court. Dkt. 1 at 4-5. Plaintiff seeks relief in the form of a declaratory judgment "that the [state court] custody order . . . is unconstitutional" and requests for this Court to "[v]acate and set aside the [state court] custody order" *Id.* at 4. In other words, Plaintiff essentially seeks an appeal of the state court's judgment or seeks to void the state court judgment by asking this Court to enjoin the Judges from executing the judgment. Numerous courts have held that this type of relief is barred as it falls squarely within the purview of the *Rooker-Feldman* Doctrine. *See, e.g.*, *Torres v. Polis*, 2025 WL 622558, at *4 (D. Colo. Feb. 26, 2025) ("The Tenth Circuit routinely applies the *Rooker-Feldman* doctrine to bar suits that challenge state court child custody determinations or state court procedures.") (collecting cases), *report and recommendation adopted*, 2025 WL 926893 (D. Colo. Mar. 14, 2025); *Phifer v. City of New York*, 289 F.3d 49, 57 (2d Cir. 2002) ("There is no question that *Rooker-Feldman* bars . . . challenges to . . . [a state] family court's decisions regarding child custody."); *Evans v. Klaeger*, 12 F. App'x 326 (6th Cir. 2001) (holding that plaintiff's claims seeking review of a child custody decision are barred by the *Rooker-Feldman* doctrine); *Stone v. Stanislaus Cnty. Superior Ct.*, 2015 WL 411227, at *6 (E.D. Cal. Jan. 30, 2015) ("When a party brings an action in federal court that challenges a child custody decision made by the state court the claim is barred by the *Rooker–Feldman* doctrine."); *Snyder v. Snyder*, 2012 WL 512003, at *5 (M.D. Pa. Jan. 24, 2012) (holding that "the *Rooker-Feldman* doctrine bars this court

from reviewing state court child custody decisions" (cleaned up)), *report and recommendation adopted*, 2012 WL 511993 (M.D. Pa. Feb. 15, 2012). Plaintiff has cited no authority suggesting that the sought relief is not barred by *Rooker-Feldman*, and the Court has found no such authority. Accordingly, this Court lacks jurisdiction to provide the relief requested, and Plaintiff's Complaint will be dismissed.

Accordingly, it is hereby ORDERED that the Court APPROVES AND ADOPTS the Recommendation (Dkt. 6); and it is

FURTHER ORDERED that the Motion to Proceed IFP (Dkt. 3) is DENIED with leave to amend; and it is

FURTHER ORDERED that the Complaint (Dkt. 1) is DISMISSED WITH PREJUDICE for lack of subject-matter jurisdiction.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the United States Court of Appeals for the Fourth Circuit. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk of the Court is directed to provide a copy of this Order to Plaintiff and close this case.

IT IS SO ORDERED.

Alexandria, Virginia
September 3, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge

4